```
UNITED STATES DISTRICT COURT
  DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| David Hargrove, #13292-018, | ) C/A No. 4:09-774-RBH-TER |
| Plaintiff, | ) |
| | ) REPORT AND |
| vs. | ) RECOMMENDATION |
| | ) |
| Darlene Drew, in her individual capacity; | ) |
| M. Holland, in his individual capacity; | ) |
| R. Proffitt, in his individual capacity; and | ) |
| Lieutenant Harper, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, David Hargrove ("Plaintiff"), proceeding *pro se*, brings this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Supreme Court recognized cause of action under the U.S. Constitution against federal officials for the violation of federal constitutional rights).[1] Plaintiff is an inmate at Federal Correctional Institution, Bennettsville, a facility of the Federal Bureau of Prisons (BOP) in South Carolina. The complaint names prison employees as defendants, and claims violation of Plaintiff's constitutional rights based on retaliation and denial of access to the Court. Plaintiff seeks monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

## Review Under 28 U.S.C. § 1915A

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Under the review required by 28 U.S.C. § 1915A, a complaint may be dismissed if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

### *Pro Se* Pleadings

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). . Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

**Discussion**

The complaint alleges that in July 2008 Plaintiff attempted to challenge a disciplinary finding of guilt, but Defendant Holland refused to provide necessary forms, even after Defendant Drew, the warden, instructed Holland to provide the forms. Compl. at 3. After a "verbal altercation" between Defendant Holland and Plaintiff on August 13, 2008, Defendants Proffitt and Harper placed Plaintiff in the special housing unit "on the pretense of an investigation pending a group demonstration." Compl. at 4. Plaintiff states that he "spent in excess of 100 days in the Special Housing Unit under the pretense of an investigation because he requested an administrative remedy application." Compl. at 4. The complaint alleges that the Defendants "intentionally engaged in unlawful and retaliatory conduct to chill the Plaintiff's First Amendment Rights," including access to the BOP administrative remedy process and access to the Court. Compl. at 5.

To state a claim for retaliation that rises to the level of violation of a constitutional right, "plaintiffs must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994). The complaint's allegations of retaliation based on denial of access to the BOP administrative remedy program fails to state a claim because "there is no constitutional right to participate in grievance proceedings." *Id.*, citing *Flick v. Alba*, 932 F.2d 728, 729 (8th cir. 1991). Retaliation in response to activities related to the prison administrative remedy program, such as denial of forms, does not state a claim under *Bivens* for violation of a constitutional right. *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994) ("Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established."). The complaint fails to allege retaliation that itself violates a constitutional right, or for retaliation that is a response to exercising a

3

constitutional right, so Plaintiff's retaliation claim fails to state a claim upon which relief may be granted.

The complaint's claim for violation of constitutional rights based on denial of access to the courts also fails to state a claim. The complaint alleges Plaintiff was "denied access to the Court under 42 U.S.C. § 1997(e)[2] because he was being denied an administrative form." Compl. at 5. To state a claim for denial of the right of access to the courts, specific allegations must be made as to the actual injury sustained by the plaintiff claiming infringement of his right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Strickler v. Waters*, 989 F.2d 1375,1382-85 (4th Cir. 1993) ("basic requirement that show specific harm or prejudice from the allegedly denied access"). The complaint alleges no actual injury. The complaint appears to contend that the denial of the BOP administrative forms is equal to denial of access to the Court because 42 U.S.C. § 1997e(a) requires exhaustion of administrative remedies. In federal courts, however, exhaustion of administrative remedies is not jurisdictional, but an affirmative defense. *Jones v. Bock*, 549 U.S. 199 (2007) (failure to exhaust as required by 42 U.S.C. § 1997e(a) is an affirmative defense); *Nyhuis v. Reno*, 204 F.3d 65, 69 & n.4 (3rd Cir. 2000) (collecting cases that § 1997e is not a jurisdictional requirement). Thus, the failure to provide forms for access to the prison grievance system does not deny Plaintiff access to the federal court. *See Flicka v. Alba*, 932 at 729 ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the

---

[2] Title 42 U.S.C. § 1997e(a) states, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

prison's refusal to entertain his grievance."). The complaint does not show the Defendants have denied Plaintiff's right to access the courts, and the complaint fails to identify an actual injury resulting from the alleged denial of access to the courts. *See Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual injury resulting from official conduct). The complaint fails to state a claim under *Bivens* for violation of Plaintiff's right of access to the courts.

Because the complaint fails to state a *Bivens* claim based on retaliation through violation of Plaintiff's constitutional rights, and fails to state a claim under *Bivens* for denial of Plaintiff's right to court access, the complaint should be dismissed pursuant to 28 U.S.C. § 1915A.

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without service of process. *See* 28 U.S.C. § 1915A [prisoner case should be dismissed *sua sponte* if fails to state a claim against governmental entities]. **The plaintiff's attention is directed to the notice on the following page.**

                                                                s/Thomas E. Rogers, III
                                                                 Thomas E. Rogers, III
                                                                 United States Magistrate Judge

September 16, 2009
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).