UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| David Hargrove, #13292-018, | ) C/A No. 4:09-774-RBH-TER |
| Plaintiff, | ) REPORT AND |
| vs. | ) RECOMMENDATION |
| Darlene Drew, in her individual capacity; | ) |
| M. Holland, in his individual capacity; | ) |
| R. Proffitt, in his individual capacity; and | ) |
| Lieutenant Harper, in his individual capacity, | ) |
| Defendants. | ) |

The plaintiff, David Hargrove ("Plaintiff"), proceeding *pro se*, filed his original complaint on March 26, 2009, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff is currently an inmate at Federal Correctional Institution in Pollack, LA. At all times pertaining to the allegations in this action, plaintiff was an inmate at FCI Bennettsville, South Carolina. The complaint names prison employees as defendants, and claims violation of plaintiff's constitutional rights based on retaliation and denial of access to the Court. Plaintiff seeks monetary damages.[2]

---

[1] A Bivens claim arises when a federal government official, acting under color of federal law, violates a individual's rights under the United States Constitution. Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The undersigned notes that case law involving § 1983 claims is applicable in Bivens actions and vice versa. Farmer v. Brennan, 511 U.S. 825 (1994).

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

The undersigned issued a Report and Recommendation on September 17, 2009, recommending that this action be dismissed for failure to state a claim which relief may be granted. (Doc. #19). On October 15, 2009, plaintiff filed a motion to amend his complaint and attached a proposed amended complaint. (Doc. #27). On November 10, 2009, the District Judge entered an Order declining to adopt the recommendation and recommitted the matter to the undersigned for consideration of the motion to amend. (Doc. #29).

An Order granting the motion to amend was entered on November 16, 2009, and the amended complaint was filed. (Doc. #35). Defendants filed a motion to dismiss or, in the alternative, a motion for summary judgment along with a memorandum and exhibits. (Doc. #67). Because plaintiff is proceeding pro se, he was advised on or about June 2, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion to dismiss/summary judgment could result in dismissal of his complaint. The plaintiff filed a response in opposition on July 7, 2010, and defendants filed a reply on July 16, 2010. (Docs. #72 and #75).

## I. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

In the amended complaint, plaintiff alleges that in July 2008 plaintiff attempted to challenge/appeal a disciplinary finding of guilt, but defendant Holland refused to provide the necessary forms. On August 13, 2008, plaintiff alleges he was placed in the Special Housing Unit (SHU) by defendants Proffitt and Lt. Harper as punishment for the purported planning of a group demonstration without a hearing that involved only white and Spanish inmates and spent in excess of 100 days while an investigation took place under the direction of defendant Drew. While housed

in the SHU, plaintiff alleges he sent several grievance forms to be prepared because he was being denied access to a typewriter or ink pen to attempt to gain release from the SHU. Plaintiff alleges that his attorney prepared the grievance forms and mailed them back to him but the forms were returned to the attorney's office without any notice of rejection sent to plaintiff.

Plaintiff asserts that defendant Darlene Drew is the Warden at the FCI in Bennettsville and is responsible for the "hiring, training, supervision, discipline, and control of the Bureau of Prisons staff under her command." (Amended compl. at 4). Plaintiff alleges defendants did engage or intentionally engaged in unlawful retaliatory punishment for the group demonstration in the yard by placing him in SHU and his correspondence being rejected by prison officials without any kind of notice to him or the person who sent the correspondence. Plaintiff alleges the "retaliatory punishment for the Defendants caused a chilling effect on the Plaintiff's First and Fifth Amendment Rights and to deny the Plaintiff access to the Court." (Id. at 5). Plaintiff requests "compensatory and punitive damage in excess of five hundred thousand dollars ($500,000.00).

Defendants filed a motion for summary judgment arguing the case should be dismissed for failure to exhaust administrative remedies, failure to state a claim for which relief can be granted, the Court lacks subject matter jurisdiction over the defendants in their official capacity, and because defendants are protected by qualified immunity.

### B. STANDARD FOR SUMMARY JUDGMENT

As both parties have submitted matters outside of the pleadings, the undersigned will treat the motion as one for summary judgment pursuant to Rule 56. Fed.R.Civ.P.

The federal court is charged with liberally construing the complaints filed by pro se litigants,

to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Welder v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to exhaust remedies and submitted the declaration of Roy Lathrop ("Lathrop") in support of their position. Lathrop states that he is employed by the Federal Bureau of Prisons ("BOP") as the Paralegal Specialist. (Lathrop affidavit). Included in his officials duties, Lathrop has the responsibility of researching logs and records maintained by the BOP concerning administrative remedies. (Id.). After conducting a search of the administrative remedy records maintained by the BOP, the Administrative Remedy Program database revealed that federal inmate David Hargrove, Register Number 13292-018, has not exhausted the administrative remedy process concerning his allegations of staff retaliation and constitutional rights violations. (Id.). On August 20, 2008, plaintiff submitted a Request of Administrative Remedy with the FCI Bennettsville Warden on another matter not pertaining to the allegations in this matter in which he requested that an incident report be expunged. (Id.). However, the remedy was rejected on the same day because plaintiff did not submit the required supporting documentation with his request. (Id.). On September 15, 2008, plaintiff resubmitted his Request for Administrative Remedy requesting an incident report be expunged and the remedy was rejected on the same day because plaintiff failed to file his remedy within the proper procedures. (Id.). On September 30, 2008, plaintiff resubmitted his Request for Administrative Remedy requesting an incident report be expunged. (Id.). The remedy was rejected on the same day because it was deemed untimely. (Id.). According to Lathrop, there is no evidence plaintiff filed any other administrative remedies while at FCI Bennettsville. (Id.).

The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10. The Federal Bureau of Prisons has

established an administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10, which was cited in Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986).

The plaintiff may informally attempt to resolve the complaint with a staff member. 29 C.F.R. §542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the warden. This complaint must be filed within twenty (20) calender days from the date on which the basis for the complaint occurred. 28 C.F.R. §542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within thirty (30) calender days of the date the Regional Director signed the response. 28 C.F.R. 542.15(a), 418 U.S. 539, 557 (1974). The plaintiff "has no alternative but to comply" with these administrative procedures. Williams v. O'Brien, supra, 792 F.2d at 987. *See also* 28 C.F.R. § 542.10 through § 542.16.

Based on a review of the complaint and other filings in this case, plaintiff has failed to exhaust his administrative remedies. While plaintiff attempts to blame the BOP for his failure to exhaust, plaintiff's reasons fail. First, plaintiff attempts to assert that the BOP would not provide him with the grievance forms but then asserts that he had the forms but did not have a typewriter or ink so he sent them out to be prepared by someone else. Thus, plaintiff's first reason fails. Also, plaintiff has not shown any requirement that the forms be typed or written in ink. Further, defendants assert that at the same time plaintiff alleges he was denied proper grievance forms, he filed grievances simultaneously requesting an incident report be expunged. Thus, plaintiff completed grievance forms in regards to other matters. (See defendants' Exhibit #2, Administrative Remedy Base).

6

Therefore, there is no evidence that plaintiff exhausted his administrative remedies.[3] Accordingly, it is recommended that defendants' motion for summary judgment (doc. #67) be granted for failure to exhaust administrative remedies.

## II. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary judgment (document #67) be GRANTED and this claim dismissed.

It is further RECOMMENDED that any other outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
October 12, 2010                                             United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] As stated, plaintiff asserts he sent the forms to an attorney to complete. In response to the motion for summary judgment, plaintiff attached the affidavit of Linda Brooks Fletcher who attests that she is employed with the law firm of Ben Ezra and Katz, in Fort Lauderdale, Florida. Fletcher asserts that she was in contact with plaintiff and received a package containing a cover letter, several administrative remedy forms, and other legal papers on October 1, 2008. Fletcher attests that on October 14, 2008, she sent plaintiff the completed forms, along with copies of other legal paperwork, to FCI Bennettsville. On or about October 19, 2008, Fletcher asserts the package was returned to the law office as being refused by FCI Bennettsville. (Doc. #72-1).

However, defendants address this allegation in their reply stating the reason the package was returned is clear from the document plaintiff provided because the package was not marked appropriately for legal correspondence. While the envelope contained the Special Mail Marking "open this package in presence of the inmate: is did not contain the attorney's name or indication that the person was an attorney as required by 28 C.F.R. 540.19(b). The only senders name on the envelope was "Diane Brooks." (Doc. #72-2). Therefore, there is no constitutional violation with regard to the package being returned as improper legal correspondence.

7