UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| David Hargrove, #13292-018, | ) | C/A No. 4:09-774-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Darlene Drew, in her individual capacity; | ) | |
| M. Holland, in his individual capacity; | ) | |
| R. Proffitt, in his individual capacity; and | ) | |
| Lieutenant Harper, in his individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff brings this *Bivens* action based on claims arising from incarceration at FCI Bennettsville. Plaintiff, proceeding *pro se*, alleges violations of his constitutional rights based on retaliation and denial of access to the courts.

This matter is before the court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Docket Entry # 67). By order filed June 2, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately to the motion to dismiss or for summary judgment. Plaintiff responded to the motion on July 7, 2010. Defendants filed a Reply on July 16, 2010.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III, filed October 12, 2010. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is

1

made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge concluded that the defendants' Motion to Dismiss or for Summary Judgment should be granted on the basis of failure to exhaust administrative remedies. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the report. Plaintiff filed objections on October 28, 2010.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing a *Bivens* action concerning his confinement. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted.") This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under § 1983. *Porter v. Nussle*, 534 U.S. 516 (2002). A prisoner must complete the administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now required. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).

Based upon the information before the Court, it appears that the plaintiff has not properly exhausted his administrative remedies.

Defendants filed an affidavit of a BOP official, paralegal specialist Roy Lathrop, in support of their motion to dismiss. (Docket Entry # 67-2). This affidavit indicates that on **August 20, 2008**, the plaintiff filed a Request for Administrative Remedy with the FCI Bennettsville Warden "requesting that an incident report be expunged." Lathrop indicates that the grievance was rejected because Plaintiff "had not submitted the required supporting documentation with his request." The affidavit further indicates that on **September 15, 2008**, "Mr. Hargrove resubmitted his Request for Administrative Remedy requesting an incident report be expunged. The remedy was rejected on the same day because Mr. Hargrove failed to file his remedy within the proper procedures." Lathrop also states that on **September 30, 2008**, "Mr. Hargrove resubmitted his Request for Administrative Remedy requesting an incident report be expunged. The remedy was rejected on the same day because it was deemed untimely." Finally, Lathrop states that "there is no evidence Mr. Hargrove filed any other administrative remedies while at FCI Bennettsville." The affidavit does not attach copies of the grievances filed by the plaintiff.

3

The plaintiff, in his Affidavit in Opposition to the Motion to Dismiss, states that on July 12, 2008, a group of inmates refused to vacate the recreation yard for the 4:00 p.m. count, and the entire compound was placed on lockdown. He states that on July 20, 2008 he received a disciplinary infraction for refusing to stand for count. He also indicates that a hearing was held on July 24, 2008 and that he was found guilty and received 90 days loss of commissary and phone. He states that he was not given a copy of the Unit Disciplinary Committee's findings until August 13, 2008. He states that he attempted unsuccessfully to obtain a BP-9 form from Defendants and that he finally obtained a form from another inmate. He submitted his BP-9 form on August 12, 2008. He states that his administrative remedy request was denied on **August 20, 2008** because he did not provide a copy of the UDC report with the form. He then states that he resubmitted the form to an officer who was working in the unit and that his grievance was denied on **September 15, 2008** because he did not submit his request through his counselor. He further states that on **September 30, 2008** "my administrative appeal was rejected for being untimely." (Docket Entry # 72, p.4). Copies of the Administrative Remedy Rejection Notices dated August 20, 2008; September 15, 2008; and September 30, 2008 are attached to Plaintiff's affidavit as Exhibits A, B, and G.

Plaintiff also states that he mailed "several administrative remedy forms and other legal papers to Ms. Linda Brooks Fletcher at the address of a law firm in Florida so that the papers could be "copied and returned to me" and that "Plaintiff's intent was to distribute legal information to other inmates." (Affidavit, ¶ 21). He attaches to his affidavit copies of a "Request for Administrative Remedy" form and "Regional Administrative Remedy Appeal" and two pages from a Constitutional Law treatise which the affidavit seems to indicate were mailed to Ms. Fletcher. (*See* Exhibits C, D, E, and F to Plaintiff's Affidavit). Plaintiff additionally attaches an affidavit by Ms. Fletcher in which she states

that she received a package on or about October 1, 2008 from Mr. Hargrove containing "a cover letter, several administrative remedy forms, and other legal papers" and that Plaintiff "asked me to fill out the enclosed administrative remedy forms and send the completed forms back to him so that he could turn them in" and "also asked me to make copies of the enclosed legal materials and return them to him." (Docket Entry #72-1). She states that she mailed the completed forms and copies of the other legal paperwork back to FCI-Bennettsville addressed to Mr. Hargrove on or about October 14, 2008 but that the package was returned to her, marked "refused" on or about October 19, 2008.[1]

Although the defendants do not attach copies of the grievances which were filed by the plaintiff, these grievances were denied on the identical dates as the Administrative Remedy Rejection Notices which are attached to the plaintiff's affidavit. The defendant's paralegal specialist refers to grievances requesting that an incident report be expunged, which could have been an attempt to grieve the result of the disciplinary proceedings. Therefore, it appears that the plaintiff may have attempted to file grievances as to the retaliation and denial of access to courts claims. However, Plaintiff has provided no evidence that the grievance process was completed. As noted by the Magistrate, the administrative procedures require that a prisoner first informally attempt to resolve the matter with a staff member. Then, he may file a formal written complaint with the warden within twenty (20) days after the basis for the complaint has occurred. "An inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15.

---

[1] The shipping receipts show a refusal date of October 16, 2008. (Exhibit H to Entry #72).

Here, Plaintiff has not appealed to the Regional Director or to the General Counsel. Therefore, he has not "properly exhausted" his administrative remedies.

Plaintiff attempts to rely upon case law which excuses the exhaustion requirement where prison officials prevent inmates from using the administrative process. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). However, here, the plaintiff has failed to "follow the required steps so that remedies that once were available to him no longer are." *Id*. Plaintiff's affidavit indicates that the disciplinary charges were assessed on July 25, 2008. He received a copy of the UDC papers on August 13, 2008. (Docket Entry # 67-7). Under the prison regulations, the grievance would have been due within twenty (20) days after July 25, 2008, or August 14, 2008. Therefore, had Plaintiff waited to file his grievance until after he received the copy of the UDC papers on August 13, 2008, then his formal written complaint to the Warden would have been timely. Plaintiff makes unsubstantiated claims regarding the BOP failing to provide him with grievance forms. However, it is clear that Plaintiff filed at least three grievances in the relevant time period, so it does not appear that the prison refused to provide him with the forms.

Plaintiff also devotes a great deal of discussion to the fact that he mailed some grievance forms (possibly the BP-10 form) to the attorney's office in Florida for completion and return to him.[2] However, it is uncontroverted that the mail was not labeled as special mail or as mail from an attorney.

---

[2] Exhibit H to the affidavit of Ms. Brooks shows that the mail stated: "Open this package in presence of inmate." However, the regulations require that legal mail be marked as "special mail" and also contain the attorney's name on the envelope. *See* 28 C.F.R. Sections 540.18 and 540.19. Subsection (b) of Section 540.18 provides that "[i]n the absence of either adequate identification or the 'special mail' marking . . . appearing on the envelope, staff may treat the mail as general correspondence and may open, inspect, and read the mail." Here, the envelope did not contain an attorney's name and also did not state that it was "special mail."Therefore, the package did not meet the requirements for being classified as legal mail.

6

The plaintiff had the responsibility to instruct outside individuals of the mailing requirements[3], and the regulations provide that "obtaining assistance will not be considered a valid reason for exceeding a time limit for submission unless the delay was caused by staff." 28 C.F.R. § 542.16(a). Plaintiff clearly had the forms but chose to send them out of state for completion or copying, which took additional time. Importantly, he never filed the regional appeal even though he states that he later (at an undisclosed date) received the package from Ms. Fletcher. (Objections, p. 6). Plaintiff still had the responsibility to file the grievance appeal on time, but failed to do so. Also, even if the prison did not notify the plaintiff of the rejection of the mail as required by Program Statement 5265.11 for rejection of "correspondence", this has no bearing on this action. The fact remains that the plaintiff failed to complete the required grievance process for the claims raised in this lawsuit.

The Court finds that the plaintiff's failure to exhaust his administrative remedies within the BOP requires dismissal of his case without prejudice. The defendants' motion for summary judgment is granted.

### Conclusion

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections and adopts the Report and Recommendation. Accordingly, defendant's [67] motion to dismiss is treated as a motion for summary judgment and is **GRANTED.** The complaint is dismissed without prejudice.

---

[3] 28 C.F.R. Section 540.19(b).

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

December 15, 2010
Florence, SC